13-1490-cv
Bary v. Delta Airlines, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of January, two thousand fourteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                     *Circuit Judges*.

_____

MOHAMED BARY,

                     *Plaintiff-Appellant*,

              -v-                                              13-1490-cv

DELTA AIRLINES, INC.,

                     *Defendant-Appellee*.

_____

Appearing for Appellant:     Sanjay Chaubey, Law Offices of Sanjay Chaubey,
                             New York, N.Y.

Appearing for Appellee:      Michael J. Crowley, Connell Foley LLP (Brian P. Morrissey, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Go, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Mohamed Bary appeals from a final judgment of the United States District Court for the Eastern District of New York (Go, *M.J.*) entered in favor of defendant-appellee Delta Airlines, Inc. ("Delta") following a bench trial on Bary's claims brought pursuant to 42 U.S.C. § 1981 and federal common law. Bary also challenges an October 9, 2009 memorandum and order (Trager, *J.*) granting Delta's motion for summary judgment on Bary's claims brought pursuant to Title VI, 42 U.S.C. § 2000d, and the New York Civil Rights Law, N.Y. Civ. Rights § 40 ("NYCRL").

On appeal, Bary challenges the magistrate judge's credibility determinations and factual findings, and also argues that the district court erred in ruling on summary judgment that the Stabilization Act did not constitute "[f]ederal financial assistance" for the purposes of Title VI and that the alleged discrimination was not within the scope of § 40. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.     Bench Trial

"Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6). "Where the district court's finding is plausible in light of the record viewed in its entirety, it may not be overturned even though the reviewing court would have weighed the evidence differently." *Woodbury v. New York City Transit Auth.*, 832 F.2d 764, 768 (2d Cir. 1987) (internal quotation marks omitted). A finding may be characterized as clearly erroneous when, upon examination of the entire record, a reviewing court "'is left with the definite and firm conviction that a mistake has been committed,'" *id.* (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)), but "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous," *id.*

When considered in light of the entire record, the magistrate's factual findings are completely plausible and thus affirmed. The magistrate judge clearly explained her reasons for finding the testimony of the three Delta witnesses—Vera Hall, the ticketing agent; Craig Lowe, the manager of corporate security at LaGuardia at the time in question; and James Wlodarczyk, Hall's supervisior at the time in question—more credible than Bary's own testimony. The magistrate also noted that Delta's witnesses' testimony better explained why the way and manner in which they interacted with Bary was appropriate and did not violate the law.

Though Bary points to various pieces of testimony that he characterizes as "contradictions" or as creating discrepancies, he does not explain why the trial court's crediting such evidence as it did would constitute clear error. There was no inconsistency in Delta's witnesses' testimony that they had no control over who was identified as a "selectee," and there was no evidence suggesting that Bary was selected for a special security screening because of his race, ethnicity, or religion. The magistrate judge also emphasized that Bary's own testimony about what he did upon landing in Denver—i.e., that he "inexplicably did not immediately inspect the bag after he landed or some time before leaving the bag in a storage locker"—detracted from his credibility and did not support his version of the facts. Any of the "discrepancies" identified by Bary are simply insufficient to leave our Court "with the definite and firm conviction that a mistake has been committed." *See United States Gypsum Co.*, 333 U.S. at 395. The clear error standard is not met here, and we therefore affirm.

2

## II. Summary Judgment

### A. Federal Financial Assistance Under Title VI

The district court granted summary judgment on Bary's Title VI claim, holding that the only federal funding that Delta had received was pursuant to the Air Transportation Safety and System Stabilization Act of 2001, Pub. L. No. 107–42, 115 Stat. 230 (2001) (codified as amended as note to 49 U.S.C. § 40101) ("Stabilization Act"), which did not constitute "assistance," only a form of compensation. In so holding, the district court relied on *Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332 (11th Cir. 2005), a case in which the Eleventh Circuit considered the express language used in enacting the Stabilization Act and determined that it was clear that Congress intended to "compensate" air carriers in response to the economic crisis the airline industry faced as a result of the terrorist attack on September 11, 2001 rather than provide assistance in the form of a subsidy. *See* 420 F.3d at 1336 ("Plainly, the express language found in the Stabilization Act unambiguously shows Congress intended for the funds and financial benefits at issue *to compensate, not subsidize, airline carriers*.") (emphasis added).[1]

Whether the Stabilization Act subjects an air carrier to Title VI is an issue of first impression for this circuit, but one we need not resolve. To establish a violation of Title VI, Bary was required to prove, in addition to Delta's receipt of "[f]ederal financial assistance" within the meaning of that statute, that (1) the action was discriminatory based on race, color, or national origin; (2) such discrimination was intentional; and (3) the discrimination was a "substantial or motivating factor" for Delta's actions. *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) (internal quotation marks omitted). Because the district court found after trial on Bary's Section 1981 claim that there was no evidence of race or national origin discrimination, Bary necessarily cannot establish a Title VI claim, rendering his challenge to summary judgment on that claim moot.

### B. New York Civil Rights Law

Finally, Bary asserts, without any citation to case law or the record, that the district court erred in granting summary judgment on his claim brought pursuant to the NYCRL. In this claim, Bary alleged that he was not allowed "to travel with carry-on cabin luggage . . . based on [his] perceived race, color, ancestry, and/or national origin." (Civ. No. 02cv5202(MDG) [Dkt # 15] at 11.) We conclude that his challenge to the summary dismissal of this claim is moot essentially for the same reason that his challenge to the summary dismissal of his Title VI claim is moot.

Section 40 of the New York Civil Rights Law provides for "[e]qual rights" in various types of public accommodations. The court below found after trial that the designation of Bary as a "selectee" for search of his baggage was arrived at "follow[ing] standard procedures" and

---

[1] As noted in *Shotz,* the Stabilization Act "begins by stating 'the President shall take the following actions to *compensate* air carriers for losses incurred by the air carriers as a result of the terrorist attacks on the United States that occurred on September 11, 2001.'" 420 F.3d at 1336.

"in a non-discriminatory manner," using a "computer system mandated by the FAA"; that Bary "was, in fact, not forced to check the suitcase containing his jewelry" and "was permitted to take his jewelry bag on the plane"; and that Bary "was not treated in a discriminatory manner on the basis of his ethnicity, religion or any other improper ground." Accordingly, even if "public accommodations" as used in § 40 were interpreted to include airplanes, Bary could not establish that he was denied "equal rights." Thus, we affirm the district court's dismissal of Bary's NYCRL claim.

We have considered Bary's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4